IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-699-BO-RN

| | | |
|---|---|---|
| MONICA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| OLD NAVY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's partial motion to dismiss for failure to state a claim. [DE 13]. Plaintiff responded in opposition [DE 16] and defendant replied [DE 20]. A hearing was held before the undersigned on February 26, 2026, in Elizabeth City, North Carolina. In this posture, the motion is ripe for ruling. For the following reasons, the motion is granted.

BACKGROUND

Plaintiff worked for defendant Old Navy in Cary, North Carolina in 2006. She left in 2008, and returned in 2009 as an assistant manager. In March 2021, her position was restructured to a lead position. Between October 22 and November 13, 2023, she took a personal leave of absence. It is around this time she alleges her manager began subjecting her to discrimination, harassment, and retaliatory treatment. [DE 1, ¶¶ 6–11]. Old Navy terminated her employment after undergoing restructuring that eliminated her position nationwide, and informed plaintiff that her last day would be May 17, 2025. *Id.* at ¶¶ 29, 32.

The complaint alleges that on September 25, 2024, plaintiff filed Charge No. 433-2024-03264 with the Equal Employment Opportunity Commission (EEOC), alleging race

discrimination, harassment, and retaliation. *Id.* at ¶ 28. Attached to the complaint is a copy of a right-to-sue letter, associated with the same case number, 433-2024-03264. Notably, plaintiff alleges having filed this charge before events crucial to her claims, such as her termination, had occurred. Plaintiff asserts seven claims: (1) race discrimination under Title VII, (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), (3) Title VII retaliation, (4) ADEA retaliation, (5) hostile work environment based on race in violation of Title VII, (6) hostile work environment based on age in violation of the ADEA, and (7) wrongful discharge in violation of North Carolina public policy. Defendant moved to dismiss the first six claims for failure to exhaust administrative remedies. [DE 13].

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

"It is well settled that before filing suit under Title VII or the ADEA, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." *Walton v. Harker*, 33 F.4th 165, 172 (4th Cir. 2022). "[A] plaintiff fails to exhaust his administrative remedies where ... his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)). "[R]eceipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. N. Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995) (citing *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)).

The parties agree that plaintiff filed two EEOC charges: one on September 25, 2024, before her termination, as pled in the complaint, and one after, which is not mentioned in the complaint. Attached to the complaint is a right-to-sue letter bearing the same charge number as the pre-termination charge allegedly filed on September 25, 2024. This first charge could not have included complaints of plaintiff's termination, which occurred after the charge was filed. The Court cannot discern from the complaint whether plaintiff received a right-to-sue letter arising from her second charge, nor can the Court discern which of the complaint's factual allegations were included in the first charge. Accordingly, the complaint fails to plead exhaustion of administrative remedies.

*Nealon v. Stone*, 958 F.2d 584 (4th Cir.1992) describes an exception to the pleading requirements associated with exhaustion of administrative remedies.

> [H]aving once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation.... [W]e [therefore] join the other circuits that have spoken to the question in adopting the rule that a separate

administrative charge is not prerequisite to a suit complaining about retaliation for filing the first charge.

*Id.* at 590 (alterations in original) (quoting *Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1312 (7th Cir. 1989)). The *Malhotra* court found as a bright line rule that plaintiffs need not plead a second charge to support a claim of retaliation arising from the first charge. 885 F.2d at 1312. There, the Seventh Circuit decided no further analysis was necessary. *Id.* The Fourth Circuit in *Nealon*, however, considered the practical concerns facing the plaintiff before applying an exception to the pleading requirements. *See* 958 F.2d at 590. Whether the plaintiff in this case had reason to be "gun shy" is relevant. Having already been terminated, she would not have feared further retaliation when she filed the second charge. Had plaintiff abstained from filing a second charge for fear of further retaliation, a court might be apprehensive to require a second filing as a prerequisite to suit. Here, it appears plaintiff did file a second charge, perhaps satisfying that prerequisite—she just hasn't sufficiently pled it.

CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss [DE 13] is GRANTED. All claims except the claim for wrongful discharge in violation of North Carolina public policy are dismissed WITHOUT PREJUDICE.

SO ORDERED, this **27** day of February 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4